J. BRIAN McCAULEY, ESQ. State Bar No. 66762
Law Office of J. Brian McCauley
One Market, Steuart Tower, Suite 1600
San Francisco, CA 94105
Telephone: (415) 974-1515
Facsimile:  (415) 543-0125

Attorney for Plaintiff
KATY M. SULLIVAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY SULLIVAN, also known as KATY MARIE SULLIVAN,<br><br>                      Plaintiff,<br><br>     vs.<br><br>WASHINGTON MUTUAL BANK, FA, JPMORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, CALIFORNIA RECONVEYANCE COMPANY; and Does 1 through 50, inclusive,<br><br>                      Defendants. | **CASE NO. 09 2161 EMC**<br><br>**FIRST AMENDED COMPLAINT OF KATY M. SULLIVAN FOR RESCISSION, RESTITUTION, etc.**<br>**Truth in Lending; 15 U.S.C. §1601 et seq;**<br>**Unfair Business Practices, Calif Bus. & Prof's Code §17200** |

Plaintiff KATY SULLIVAN, also known as KATY M. SULLIVAN and KATY MARIE SULLIVAN (hereinafter, "SULLIVAN"), alleges as follows:

GENERAL ALLEGATIONS

1.      Plaintiff is an individual, who owns the residential real property and improvements located generally at 2628-2628A Sutter Street, San Francisco (the "Property").  SULLIVAN purchased her interest in the property on or about April 30, 2004, holding her interest as a tenant in common with a third party not otherwise involved herein, one Stefan Welter.

2.      During all times referred to herein up to approximately September 25, 2008,

-1-
FIRST AMENDED COMPLAINT OF KATY SULLIVAN FOR RESCISSION AND RESTITUTION      CASE NO. CV 09 2161 EMC

1  Defendant WASHINGTON MUTUAL BANK, FA (hereinafter, "WAMU") was a Federal Savings Bank organized under the laws of the United States, conducting lending operations in the State of California and the City and County of San Francisco.  It is believed that as a result of financial weakness resulting in part from lending activities such as those which are the subject of this complaint, WAMU was seized and placed into receivership by the United States government, by and through its Office of Thrift Supervision.  Upon such event, the Federal Deposit Insurance Corporation ("FDIC") was legally empowered to act as receiver for WAMU.

3. At all times relevant herein, Defendant JPMorgan CHASE BANK, National Association (hereinafter, "CHASE") was a National Bank organized under the laws of the United States, acting as a successor in interest to WAMU from and after September 25, 2008, and thereby conducting lending operations in the State of California and the City and County of San Francisco.

4. At all times relevant herein, and more particularly during 2009, Defendant BANK OF AMERICA, National Association (hereinafter, "B of A") was a National Bank organized under the laws of the United States, conducting lending operations in the State of California and the City and County of San Francisco.

5. (NO LONGER USED).

6. At all times relevant herein, and more particularly during 2009, Defendant CALIFORNIA RECONVEYANCE (hereinafter, "CAL RECONVEY") was a corporation organized under the laws of California, conducting foreclosure operations in the State of California and the City and County of San Francisco, with a principal place of business in Chatsworth, California.

7. On or about September 25, 2008, an agreement was entered into by and between WAMU, FDIC and CHASE, by which CHASE purchased the assets and assumed the liabilities of WAMU.  From that time forward, CHASE was, on information and belief, the successor in interest to WAMU with respect to the rights, duties and liabilities of the parties to this lawsuit regarding the transaction alleged herein.

8. Defendants Does 1 through 50, inclusive are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are

ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences alleged herein, and that the violations giving rise to Plaintiff's rights to rescission and restitution, for quiet title and for an accounting as herein alleged were proximately caused by such Defendants.  Does 1 through 10, inclusive, are creditors within the meaning of the Truth and Lending Act, 15 United States Code §1601 *et seq*. Does 11 through 20, inclusive, are assignees within the meaning of such Act.

9. During March and April 2006, SULLIVAN applied for a loan from WAMU, to be secured by a deed of trust against the Property.  The purpose of such loan was to refinance certain preexisting secured debt on the Property which was owing to unrelated prior lenders and, in addition, to purchase the interest of Stefan Welter, the other co-owner in the Property.  SULLIVAN was then residing in the Property as her principal residence.

10. During March and April 2006, WAMU committed to provide financing to SULLIVAN in the amount of $1,100,000, to be secured by a first deed of trust against the Property. The terms of such loan as committed to by WAMU were to have been pursuant to WAMU's "Pay-Option ARM" loan product -- a variable-rate, variable payment, negative amortization loan to be paid over a period of thirty years.  The first commitment advised Plaintiff that there were to be no points or loan fees, the loan was to bear a 1.35% initial rate, and have a maximum principal balance of 125% of the initial principal balance.

11. By the time that the loan was prepared for execution by SULLIVAN, the loan had changed, although SULLIVAN did not understand or see all the changes which had been made to the loan terms.  She signed the loan documents on April 24, 2006 and the loan escrow closed on or about May 1, 2006.

12. These changes made to the final loan terms included, but were not limited to, an increase in the loan amortization to forty years, a decrease in the maximum amount of principal balance of the loan to 110% of the initial principal balance, and an increase in the finance charge to

add a previously uncharged fee in the amount of $5,500.00. The final loan retained its 1.35% initial rate, and its remaining Pay-Option ARM characteristics.

13. A true and correct copy of the promissory note executed by Plaintiff is attached hereto as Exhibit A (the "Note"). A true and correct copy of the Deed of Trust and related "riders" executed by Plaintiff are attached hereto as Exhibit B. Such Deed of Trust was recorded on May 1, 2006 as Document No. I16873000, at Reel J130, Image 0009 in the official recorders of the City and County of San Francisco; the Note and Deed of Trust together were assigned WaMu Loan No. 3062480623.

14. On or about April 24, 2006, Plaintiff signed the "Notice of Right to Cancel" which is attached hereto as Exhibit C, and the "Truth in Lending Disclosure Statement" which is attached hereto as Exhibit D. She was provided with a single copy of each. Notwithstanding the reference to disclosures about the variable-rate features of the loan having been previously made to Plaintiff, she was not provided with a "Consumer Handbook on Adjustable Rate Mortgages" or otherwise acceptable, equivalent disclosures about variable rate mortgages.

15. The number and amount of Plaintiff's payments for the loan were purportedly shown in the payment schedule disclosed as part of the Truth In Lending Disclosure Statement. These payments commenced on June 1, 2006, and were to consist of 480 payments. The payment schedule was, on information and belief, required to be calculated in a manner compliant with the terms of the Note.

16. The Note specifies that interest is to be payable at a rate of 6.911% per annum, until the first day of the calendar month that immediately precedes the first payment due date, which is specified therein to be June 1, 2006. Thereafter, interest was to be payable at a rate of 1.35% per annum until June 1, 2006, when the first payment of interest and principal was due.

17. WAMU violated the note terms and the Truth in Lending Disclosures in several regards. In addition, it failed to provide accurate disclosures, or to provide further disclosures where required, or to clearly and unambiguously state the terms of the loan as administered.

18. In part, WAMU violated these note terms and disclosures by imposing an interest payment, which was either paid by the escrow agent on or soon after May 1, or by imposing an equivalent payment by withholding such amount from its loan funds when transmitted to escrow, thus in effect not loaning the disclosed loan amount and distributing instead a net amount prior to earning such interest.  In either instance, the result was to render or more of the payment schedule, amount financed, and number of payments, as disclosed, to be inaccurate.

19. WAMU further violated these note terms and disclosures by imposing a rate of 1.6%, rather than 1.35% during the first full month of the loan prior to the first payment date (i.e., May, 2006).  Such change of interest rate was not properly disclosed, nor was its effect on the payment terms, amortization, payment schedule and finance charge properly disclosed.  The payment schedule shown on the Truth in Lending Disclosure (Exhibit D hereto) was no longer accurate as a result of  the imposition of such increased interest rate, and the disclosed payments would no longer amortize the loan in the period or by the payment amounts earlier disclosed.  At no time has Plaintiff been provided with proper disclosures of the change in the loan terms resulting from such increase in interest rate, whether before or after such increase, or been provided with a new or renewed Notice of Right to Cancel.

20. WAMU further violated these note terms and disclosures by withdrawing excessive payment amounts from Plaintiff's account during the month of June, 2006, in a total amount in excess of $6,200, rather than the $2,967 specified in the Truth in Lending Disclosure payment schedule.  The effect of this violation was, again, to change the specified number and amount of payments detailed in the payment schedule, without any disclosure or explanation of the same.

21. On information and belief, these violations were accomplished at the instance of and under the direction of WAMU.

22. During the subsequent performance of the loan, WAMU caused inaccurate disclosures regarding the timing of increases in payments to be provided to Plaintiff.  On or about April 18, 2008, WAMU advised plaintiff that her payments of $3,428.84 per month would be in effect until the new payment review date of April 17, 2009 and that any new payment amount would

only be due for the first time on June 1, 2009. This statement was inconsistent with the note provision which "reset" the payments on attainment of a principal balance of $1,210,000, given the then-existent principal balance and the negative amortization which was then occurring under the stated payments of $3,428.84 per month.

23. During September 2008, WAMU instead advised Plaintiff that her monthly payments would be increased to $6,552.07, effective November 1, 2008. WAMU further advised Plaintiff it would not accept partial payments of any contended arrearages in such increased payments.

24. On information and belief, CHASE became the owner of the loan and the successor in interest to WAMU by virtue of the September 25, 2008 purchase referred to hereinabove. As a result of that purchase and pursuant to its terms, CHASE became obligated on all the duties and obligations of WAMU on the loan and pursuant to applicable law, including but not limited to Truth in Lending per 15 U.S.C. §1601 *et seq.*

25. On or about March 26, 2009, CHASE and CALIFORNIA RECONVEYANCE COMPANY recorded a Notice of Default to commence non-judicial foreclosure proceedings, allegedly under the provisions of the Deed Of Trust. A true and correct copy of such Notice of Default is attached hereto as Exhibit E.

26. On information and belief, WAMU and CHASE assigned their interest in the loan, the Note, and Deed of Trust on or about March 26, 2009 to BANK OF AMERICA, NA ("B of A"), as successor by merger to LASALLE BANK NA, as the trustee for "WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust". A true and correct copy of such assignment is attached hereto as Exhibit F. Bank of America is sued herein in its capacity as such trustee, as reflected in Exhibit F.

27. The failures to make proper and adequate disclosures was, on information and belief, intentional and deliberate, and calculated to induce Plaintiff to accept the loan as described and disclosed. Also, on information and belief, the misstatements, failures to make required disclosures, and the misrepresentations, as stated previously, could and would not have been made had

-6-
FIRST AMENDED COMPLAINT OF KATY SULLIVAN FOR RESCISSION AND RESTITUTION          CASE NO. CV 09 2161 EMC

1  Defendants WAMU and CHASE maintained procedures reasonably adapted to avoid such
2  occurrences.

### FIRST CAUSE OF ACTION

### RESCISSION PURSUANT TO 15 U.S.C. §1601, et seq

5  28.  Plaintiff incorporates by reference her allegations contained in Paragraphs 1 though
6  27, inclusive, as if the same were set forth in full hereinafter.

7  29.  As defined in the Truth in Lending Act, 15 U.S.C. §1601, et seq, Plaintiff is a
8  consumer as defined therein. WAMU is a creditor as defined therein, and were required to make
9  certain disclosures which, as alleged hereinabove, were neither made nor made accurately. CHASE
10  is a successor in interest to WAMU.

11  30.  Further, WAMU and CHASE failed to conduct or administer the loan in accord with
12  the disclosures as made.

13  31.  On information and belief, B of A is an assignee as specified in the Truth in Lending
14  Act.

15  32.  By virtue of the material inaccuracies and failures to properly disclose, Plaintiff is
16  entitled to rescind her loan, in accord with 15 U.S.C. §1635 or other provisions of the Truth in
17  Lending Act.

18  33.  On or about April 20, 2009, Plaintiff served her Notice of Rescission on all such
19  parties by certified U.S. mail, postage prepaid. A true copy of such Notice of Rescission is attached
20  hereto as Exhibit G, which was served on its addressees at each of the addresses shown thereon.
21  Plaintiff also intends for the filing and service of this action to serve as additional notice of her intent
22  to rescind.

23  34.  By reason of Plaintiff's rescission of the above-mentioned loan transaction, Plaintiff
24  is entitled to recover from Defendants WAMU, CHASE, and B of A under Title 15 of the United
25  States Code, including but not limited to §1635 thereof, the sum of approximately $102,261, which
26  is believed to be the total amount of the finance charge paid to date by Plaintiff pursuant to the

FIRST AMENDED COMPLAINT OF KATY SULLIVAN FOR RESCISSION AND RESTITUTION          CASE NO. CV 09 2161 EMC

above-described loan transaction, plus a reconveyance of all their right title or interest in the Property.

35. Plaintiff is ready, willing, and able to restore to Defendants all property received by Plaintiff pursuant to the above-mentioned loan transaction, or its reasonable value, on the performance by Defendants of their obligations under Title 15 of the United States Code, including §1635 or other section as appropriate.

36. Pursuant to the provisions of Title 15 of the United States Code, including §1640 thereof, Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in bringing this action in an amount to be determined by the court.

WHEREFORE, Plaintiff prays for judgment as hereinafter stated.

## SECOND CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES – CA BUS. & PROF'S CODE §17200

37. Plaintiff incorporates by reference her allegations contained in Paragraphs 1 though 36 inclusive, as if the same were set forth in full hereinafter.

38. The acts and conduct alleged herein pertaining to the conduct of the loan transaction, the taking of finance charges (including interest) without proper disclosure or in violation of the terms and conditions of law, the commencement of enforcement and foreclosure proceedings both before and after advisement of Plaintiff's Notice to Rescind, and Defendants' failure to provide all proper and required disclosures pursuant to 15 U.S.C. §1601 e*t seq* and Regulation Z, constituted an unlawful and unfair business act or practice within the meaning of California Business and Professions Code §17200. Defendants' conduct constitutes, and threatens incipient violations of law, by seeking to enforce the deed of trust alleged hereinabove, by foreclosure, and violates the policy and spirit of the Truth and Lending Act, including 15 U.S.C. §1601 *et seq* and Regulation Z.

39. As a result of the aforementioned acts, Plaintiff has lost money and suffered injury in fact. Defendant B of A contends that it holds and continues to hold a security interest in the Property; Defendant CAL RECONVEY continues to proceed with the foreclosure proceeding

1  initiated as alleged above, and WAMU, CHASE, and B of A hold and continue to hold the finance
2  charges otherwise required to be paid over to Plaintiff.
3      WHEREFORE, Plaintiff prays for relief as set forth hereinafter.

### THIRD CAUSE OF ACTION
### QUIET TITLE

6      40.    Plaintiff incorporates by reference her allegations contained in paragraphs 1 through
7  36, inclusive, as if the same were set forth in full hereinafter.
8      41.    Plaintiff is the sole owner of the Property, having initially obtained her interest on or
9  about April 30, 2004, by deed from Sharon Pellerin and the Pellerin Revocable Trust, recorded in
10 the official records of the County of San Francisco, at Reel I628, Image 0151 along with a co-owner,
11 Stefan Welter.  Plaintiff acquired the ownership interest of Stefan Welter on or about May 1, 2006
12 by deed granting his interest in the Property to Plaintiff, recorded in the official records of the
13 County of San Francisco, at Reel J130, Image 0008.
14     42.    Plaintiff is informed and believes, and on that basis alleges that WAMU, CHASE,
15 and B of A all claim an interest adverse to Plaintiff in the Property as being the original creditor, or
16 succeeding holders or beneficiaries of a lien arising from the deed of trust alleged hereinabove.
17 CAL RECONVEY claims an interest as the foreclosure trustee in the pending foreclosure, also as
18 alleged hereinabove.
19     43.    Plaintiff is seeking to quiet title against the claims of each of such Defendants.  Such
20 Defendants have no right, title, estate, lien, security interest or interest whatever in the above
21 described Property or any part thereof, by virtue of the acts and conduct of the Defendants in
22 violation of the Truth and Lending Act, 15 U.S.C. §1601 *et seq* and Regulation Z, and due to
23 Plaintiff having given her Notice of Rescission.  As a result of the same, the deed of trust and its
24 security interest are void, and Plaintiff seeks an order quieting title as against such deed of trust and
25 the interests of Defendants.
26     WHEREFORE, Plaintiff prays for judgment as set forth hereinafter.

### FOURTH CAUSE OF ACTION

DECLARATORY RELIEF

43. Plaintiff incorporates by reference her allegations contained in paragraphs 1 through 36, inclusive as if the same were set forth in full hereinafter

44. The deed of trust alleged herein, is subject to the Notice of Rescission given by Plaintiff and, as a result, is now void. On information and belief, Defendants do not agree with the same. An actual controversy thus exists between Plaintiff and Defendants concerning their respective rights and duties pertaining to the subject Property and the transactions described herein. Plaintiff contends that the deed of trust is void and that there remains no security interest in favor of any Defendants and, further, that her obligation, if any, to any Defendant on such underlying loan transaction is diminished by the entirety of the finance charges paid to date and other items of restitution or relief appropriate under the Truth and Lending Act, 15 U.S.C. §1601 and Regulation Z. On information and belief, Defendants dispute this contention and contend that the deed of trust is in full force and effect and the loan transaction is not diminished in any regard.

45. Plaintiff desires a judicial determination and declaration of Plaintiff's and Defendants' respective rights and duties; specifically, that the deed of trust and its security interest in the Property is null and void. Such declaration is appropriate at this time so that Plaintiff may determine her rights and duties before the subject Property is sold at foreclosure sale.

WHEREFORE, Plaintiff prays for relief as set forth hereinafter

FIFTH CAUSE OF ACTION

INJUNCTIVE RELIEF AGAINST DEFENDANTS

CHASE, B of A AND CAL RECONVEY

46. Plaintiff re-alleges and incorporates by reference her allegations contained in paragraphs 1 through 36, inclusive as if the same were set forth in full hereinafter

47. On information and belief, Defendants CHASE, B of A, and CAL RECONVEY intend to sell, and unless restrained will sell or cause to be sold, the subject property, all to the Plaintiff's great and irreparable injury in that the deed of trust upon which such sale is to be conducted is void pursuant to Plaintiff's rescission thereof, as alleged hereinabove.

48. As such, the pending foreclosure and such sales as may be scheduled thereon should be enjoined by virtue of the facts alleged hereinabove. Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interests.

WHEREFORE, Plaintiff prays for relief as set forth hereinafter.

## SIXTH CAUSE OF ACTION

## ACCOUNTING, AGAINST WAMU, CHASE, AND B OF A

49. Plaintiff re-alleges and incorporates by reference her allegations contained in paragraphs 1 through 36, inclusive as if the same were set forth in full hereinafter

50. The amount of money which Defendants WAMU, CHASE, and B of A owe to Plaintiff as restitution pursuant to her Notice to Rescind and their unfair business practices is not precisely known and cannot be determined without an accounting.

WHEREFORE, Plaintiff demands Judgment as follows:

1. As to the First Cause of Action:

   (a) For a determination that the above-mentioned loan transaction has been rescinded and that the Deed of Trust and any other security interests taken thereby in the Property are null and void;

   (b) For the sum of $102,261, or such other sum as the court may find to be proper, being the amounts paid by Plaintiff to Defendants or any of them and which are subject to the rescission right set forth above., together with interest thereon at the legal rate from the date paid.

   (c) For reasonable attorney's fees in an amount to be determined by the court, to the extent available pursuant to 15 U.S.C. §1601 *et seq*,.

2. As to the Second Cause of Action:

   (a) For a permanent injunction restraining and enjoining any of the defendants from conducting any activities to enforce the Deed of Trust or Note, or to commence or prosecute further foreclosure proceedings

  (b) That during the pendency of this action, a preliminary injunction issue pursuant to Business & Professions Code §17203 to enjoin and restrain defendants from the acts of unfair or unlawful competition set forth herein;

  (c) Defendants be ordered to restore to Plaintiff all funds received which were acquired by virtue of the acts of unfair or unlawful competition as set forth herein.

  (d) For reasonable attorney's fees to the extent available pursuant to 15 U.S.C. §1601 *et seq*, or other underlying statute.

3.  As to the Third Cause of Action:

  (a) For a judgment that Plaintiff is the owner of the Property in fee simple, and that none of Defendants have no interest in the Property, adverse to Plaintiff or otherwise;

4.  As to the Fourth Cause of Action:

  (a) For a declaration that the Deed of Trust and its security interest in the Property is null and void, that the foreclosure (if any) was conducted without authority and pursuant to a void security interest, and that Defendants have no interest in the Property.

5.  As to the Fifth Cause of Action:

  (a) For a permanent injunction restraining and enjoining any of the defendants from conducting any activities to enforce the Deed of Trust or Note, or to commence or prosecute further foreclosure proceedings;

6.  As to the Sixth Cause of Action:

  (a) For an accounting of all finance charges and other payments made by Plaintiff to Defendants, and any of them, pursuant to the loan transaction.

7.  As to all Causes of Action:

  (a) For costs of suit herein incurred; and,

  (b) For such other and further relief as the Court may deem proper.

Dated: July 23, 2009        Law Offices of J. Brian McCauley
                 A Professional Corporation

                 By: _____

J. Brian McCauley
Attorney for Plaintiff
KATY SULLIVAN

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a citizen of the United States, over 18 years of age, and not a party to the within action. I am employed in the County of San Francisco; my business address is One Market Street, Suite 1600, San Francisco, CA 94105.

On July 23, 2009, I served the within:

- **First Amended Complaint**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Patrick Cathcart, Esq.
Adorno Yoss Alvarado & Smith
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071

[X]   **BY MAIL**:   The above referenced documents were personally deposited by me in the U.S. mail with the U.S. Postal Service on the day stated above with U.S., First-class postage thereon fully prepaid.

[ ]   **BY FAX**:   I caused such documents to be transmitted via facsimile to the stated parties at their respective facsimile numbers.

[ ]   **BY EXPRESS CARRIER**   I caused such documents to be collected by an agent for [company name] to be delivered to the offices of stated parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 23, 2009

_____
Brian McCauley

-1-
PROOF OF SERVICE