**United States District Court**
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8    KATY SULLIVAN,                          No. C-09-2161 EMC
9              Plaintiff,
10        v.                                 **ORDER GRANTING IN PART AND
                                             DENYING IN PART DEFENDANTS
                                             JPMORGAN AND BANK OF
11   WASHINGTON MUTUAL BANK, FA, *et          AMERICA'S MOTIONS TO DISMISS**
     al.*,
12                                           **Docket Nos. 7, 17**
              Defendants.
13   _____/
14
15        Plaintiff Katy Sullivan has filed suit against Defendants Washington Mutual Bank FA
16   ("WaMu"), JPMorgan Chase Bank, Bank of America ("B of A"), and California Reconveyance
17   Company ("CRC").  In her first amended complaint ("FAC"), Ms. Sullivan alleges, *inter alia*, that
18   she obtained a loan from WaMu to refinance and purchase certain real property; that, in conjunction
19   with this loan, WaMu violated the Truth in Lending Act ("TILA"); and that the current owners of
20   the promissory note and deed of trust are improperly seeking to foreclose on the property.  Currently
21   pending before the Court is JPMorgan and CRC's motion to dismiss, which B of A has joined.[1]
22                 I.   **FACTUAL & PROCEDURAL BACKGROUND**
23        Ms. Sullivan initiated this lawsuit in state court.  After the case was removed to federal court,
24   JPMorgan and CRC moved to dismiss Ms. Sullivan's complaint.  B of A joined in the request for
25   dismissal.  After the briefing on the motion do dismiss was completed, the parties agreed that Ms.
26   _____
27        [1] WaMu did not file a motion to dismiss, nor did JPMorgan, as the alleged successor of WaMu,
     file a motion to dismiss contesting the allegations or claims asserted against WaMu.  Accordingly, the
28   Court makes no ruling as to (1) the sufficiency or validity of the claims asserted against WaMu and (2)
     whether JPMorgan should be held liable if WaMu is held liable.

**United States District Court**
For the Northern District of California

1 Sullivan could file an amended complaint and that the briefing on the motion to dismiss would be

2 deemed to be applicable to the FAC.  *See* Docket Nos. 21-22 (stipulation and order).

3        In her FAC, Ms. Sullivan makes the following allegations.  In March and April 2006, Ms.

4 Sullivan applied for a loan from WaMu to refinance and purchase certain real property.  *See* FAC ¶

5 9.  WaMu promised to provide a 30-year loan with no points or loan fees and with a maximum

6 principal balance of 125% of the initial principal balance.  *See* FAC ¶ 10.  However, the actual loan

7 prepared for execution by Ms. Sullivan had different terms, and Ms. Sullivan did not understand or

8 see all of the changes that had been made.  *See* FAC ¶ 11.  Some of the differences were that the

9 loan period was extended to 40 years, the maximum principal balance was decreased to 110% of the

10 initial principal balance, and a finance charge of $5,500 was assessed.  *See* FAC ¶ 12.

11        In addition to the above, Ms. Sullivan alleges that, at the time that she entered into the loan

12 with WaMu, WaMu failed to provide her with disclosures about variable rate mortgages,

13 notwithstanding the statement in the TILA Disclosure Statement that she had been given such

14 information.  *See* FAC ¶ 14.  Ms. Sullivan further alleges that WaMU violated the terms of the TILA

15 Disclosure Statement, as well as the promissory note, in various ways.  For example:

16 •    WaMu failed to extend a loan in the disclosed loan amount – either by imposing an interest

17       payment that was paid by the escrow agent or by withholding a certain amount from the loan

18       funds when transmitted to escrow.  *See* FAC ¶ 18.

19 •    During the first full month of the loan prior to the first payment date (*i.e.*, May 2006), WaMu

20       imposed a rate of 1.6% rather than 1.35%.  *See* FAC ¶ 19.

21 •    In June 2006, WaMu withdrew from Plaintiff's account an amount in excess of $6,200

22       instead of $2,967.  *See* FAC ¶ 20.

23 •    In April 2008, WaMu made inaccurate disclosures about the timing of increases in payments.

24       *See* FAC ¶ 22.

25        Although the above allegations implicate WaMu only, Ms. Sullivan contends that JPMorgan

26 is a proper defendant in the case because, in September 2008, JPMorgan became the owner of the

27 loan at issue when it became WaMu's successor in interest.  *See* FAC ¶¶ 3, 7, 24.  Ms. Sullivan also

28 argues that B of A is a proper defendant because, in March 2009, JPMorgan assigned the loan (more

**United States District Court**
For the Northern District of California

1    specifically, the promissory note and the deed of trust) to B of A.  *See* FAC ¶ 26 & Ex. F

2    (assignment).  Finally, Ms. Sullivan asserts that CRC is a proper defendant because it, as the trustee

3    of the deed of trust, initiated foreclosure proceedings on the property at issue in March 2009.  *See*

4    FAC ¶ 25 & Ex. E (notice of default and election to sell).

5         Based on the above allegations, Ms. Sullivan raises the following claims in her FAC:

6    (1)    Rescission pursuant to TILA (against all Defendants except CRC).

7    (2)    Violation of California Business & Professions Code § 17200.

8    (3)    Quiet title.

9    (4)    Declaratory relief.

10   (5)    Injunctive relief (against all Defendants except WaMu).

11   (6)    Accounting (against all Defendants except CRC).

12        As noted above, the currently pending motion to dismiss has been brought by JPMorgan,

13   CRC, and B of A.  Each of the six claims is challenged.

## II.   DISCUSSION

15   A.    CRC

16        As a preliminary matter, the Court notes that, based on the allegations in the FAC, it does not

17   appear that CRC engaged in any wrongdoing itself (as opposed, *e.g.*, to the beneficiary of the deed

18   of trust).  Furthermore, at the hearing, Ms. Sullivan indicated that she did not seek any monetary

19   damages against CRC.  Ms. Sullivan seems to have sued CRC only because it, as the trustee for the

20   deed of trust, initiated the proceedings for foreclosure, which she seeks to prevent.  Because CRC is

21   not alleged to have committed any unlawful act but is nonetheless involved in the foreclosure

22   proceedings, the Court ordered the parties to meet and confer to determine whether they could reach

23   an agreement dismissing CRC with conditions that would ensure against any foreclosure absent B of

24   A direction.  This ruling therefore does not address whether or not any of the claims asserted against

25   CRC should be dismissed and focuses instead only on the claims asserted against JPMorgan and B

26   of A.  Should the parties not reach a stipulation, the Court will issue a supplemental ruling on CRC.

27   ///

28   ///

3

**B.** <u>Rescission</u>

Ms. Sullivan's rescission claim has two components.  First, she seeks reconveyance of all right, title, or interest to the real property at issue.  *See* FAC ¶ 34.  Second, she seeks recovery of at least the finance charges[2] that she paid for the loan.  *See* FAC ¶ 34.

Because JPMorgan does not appear to have any interest in the property – having assigned the property to B of A – there is nothing for it to reconvey to Ms. Sullivan.[3]  However, at this point, it is still plausible that JPMorgan is liable for finance charges it received from Ms. Sullivan.  *See* 15 U.S.C. § 1635(b) ("When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission.  Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."); *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 878 (6th Cir. 2006) ("[T]he Act gives the borrower who rescinds an eligible loan transaction the right to void the security interest and the right to recover statutorily identified finance charges incurred in the transaction."); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 702 (9th Cir. 1986) ("Under a TILA rescission, the security interest is dissolved, the lender returns the borrower's payments, and the borrower returns the loan proceeds, less any 'finance or other charge.'"); *Riopta v. Amresco Residential Mortg. Corp.*, 101 F. Supp. 2d 1326, 1336 (D. Haw. 1999) ("[B]ecause the Court has found rescission appropriate, the Court concludes that Plaintiffs are entitled to recover all finance and interest charges associated with the mortgage.").

---

[2] *See* 15 U.S.C. § 1605 (defining finance charge).

[3] At the hearing, Ms. Sullivan expressed some concern as to who is the current owner of the promissory note and beneficiary of the deed of trust – JPMorgan or B of A.  The Court expects that the parties will work together to determine whether this concern is valid.  For example, JPMorgan could stipulate that it has no interest in the property and B of A could stipulate that it is the current owner and beneficiary.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    As for B of A, Ms. Sullivan may seek reconveyance because it appears to be the current

2  owner of the promissory note and beneficiary of the deed of trust.  Moreover, B of A may be liable

3  for finance charges it received from Ms. Sullivan.

4    Accordingly, the Court shall not dismiss with prejudice Ms. Sullivan's rescission claim

5  asserted against JPMorgan and B of A.  The Court, however, does dismiss the claim without

6  prejudice because the FAC as pled does not make clear (1) which remedies are being sought with

7  respect to which Defendant and (2) to which Defendant Ms. Sullivan paid finance charges.  The

8  Court shall give Ms. Sullivan leave to amend to correct these deficiencies consistent with the rulings

9  herein.

10    The Court notes that, if Ms. Sullivan seeks damages against JPMorgan and B of A based on

11  the alleged TILA violation pursuant to 15 U.S.C. § 1640, then she must include allegations

12  supporting assignee liability.  Under 15 U.S.C. § 1641, a civil action "which may be brought against

13  a creditor may be maintained against any assignee of such creditor *only if* the violation for which

14  such action or proceeding is brought is apparent on the face of the disclosure statement, except

15  where the assignment was involuntary."  15 U.S.C. § 1641(a) (emphasis added).  As the court noted

16  in *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760 (N.D. Ill. 2006), "[s]ection 1641

17  governs the liability of assignees for violations of TILA," with "[s]ection 1641(a) set[ting] forth the

18  requirements for awarding statutory damages against an assignee and section 1641(c) set[ting] forth

19  the requirements for ordering rescission of a loan against an assignee"; "[u]nlike a statutory damages

20  claim against an assignee under § 1641(a), a rescission claim against an assignee under § 1641(c)

21  may be brought even if there is no TILA violation apparent on the face of the loan documents."  *Id.*

22  at 764-65 & n.3.

23  C.    Section 17200

24    In their motion, JPMorgan and B of A make three arguments as to why the § 17200 claim

25  should be dismissed: (1) that a § 17200 claim may be based only upon a pattern of conduct and not a

26  single isolated incident; (2) that Ms. Sullivan has failed to specify the grounds for entitlement to

27  relief; and (3) that Ms. Sullivan lacks standing to bring the claim.

28

United States District Court

For the Northern District of California

The first argument is without merit.  As Ms. Sullivan points out, § 17200 by its terms bars not only unlawful or unfair business *practices* but also unlawful or unfair business *acts*.  *See* Cal. Bus. & Prof. Code § 17200 ("As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.").  A California Court of Appeal has specifically explained that,

> [i]n response to the California Supreme Court's 1988 ruling that a 'business practice' under Business and Professions Code section 17200 must encompass more than a single transaction, the Legislature amended the statute in 1992 to provide that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice. . . ."  The California Supreme Court has interpreted the 1992 amendment as overruling that part of *Van De Kamp* that interpreted the statute to require more than a single "act."  Accordingly, under the current version of the statute, even a single act may create liability.

*UFW of Am. v. Dutra Farms*, 83 Cal. App. 4th 1146, 1163 (2000).

As to the second argument, Ms. Sullivan has pointed to conduct which is either unlawful or unfair – *e.g.*, improperly imposing finance charges, failing to provide disclosures, and improperly initiating foreclosure proceedings.  *See* FAC ¶ 38.  However, JPMorgan and B of A do have a point in arguing that it is not clear which conduct is attributable to which Defendant (including WaMu).  Ms. Sullivan is therefore ordered to amend her complaint to clarify such, as noted above.

Finally, with respect to the third argument, JPMorgan and B of A correctly point out that, pursuant to California Business & Professions Code § 17204, a § 17200 claim must be brought "by a person who has suffered injury in fact *and* has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204 (emphasis added); *see also Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) (noting that, "to have standing to assert any UCL claim, Plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost").  However, as noted above, Ms. Sullivan has alleged at the very least that finance charges were improperly imposed.  This would constitute both an injury in fat and a loss of money.  With Ms. Sullivan's amendment, it should be clear whether finance charges were paid to JPMorgan, B or A, both, or any other Defendant (including WaMu).

United States District Court

For the Northern District of California

1        This still leaves open, however, the issue of whether Ms. Sullivan has standing under §

2   17200 to seek the requested injunctive relief – to prevent the foreclosure.  As noted above, under §

3   17200, a § 17200 claim must be brought "by a person who has suffered injury in fact *and* has lost

4   money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204 (emphasis

5   added).  In the instant case, no foreclosure has taken place and therefore, it may be argued that Ms.

6   Sullivan has not actually lost any property as a technical matter.  On the other hand, it is undisputed

7   that foreclosure proceedings have been initiated which puts her interest in the property in jeopardy.

8   The Court concludes that this fact is sufficient to establish standing.  At least one federal court in

9   California has held such.  In *Rabb v. BNC Mortg., Inc.*, CV 09-4740 AHM (RZx), 2009 U.S. Dist.

10  LEXIS 92061 (C.D. Cal. Sept. 21, 2009), the court stated:

11         Plaintiff has alleged sufficient injury in fact to proceed with her UCL
    claim.  The statute only required that she have 'suffered injury in fact
12  and [have] lost money or property as a result of unfair competition.'
    Plaintiff alleges '[a]ll Defendants collectively are now in the *process*
13  of conducting a wrongful foreclosure sale of Plaintiff's Property
    despite having actual knowledge of Plaintiff's valid rescission of the
14  Transaction.'  This is sufficient to allege injury in fact under the UCL.

15  *Id.* at *7-8 (emphasis added).  Moreover, the encumbrance on the deed of trust arguably constitutes a

16  loss of property for Ms. Sullivan.

17       Finally, it would make little sense to conclude that standing for the § 17200 claim could not

18  arise until the property was actually sold.  The point in having the standing requirement for a §

19  17200 claim was

20         to eliminate the filing of frivolous lawsuits brought to recover
    attorney's fees without a corresponding public benefit and the filing of
21  lawsuits on behalf of the public welfare without any accountability to
    the public.  The California voters identified the gateway for these
22  abuses as the "unaffected plaintiff," which was often the sham creation
    of attorneys, and expressed their intent [through passing Proposition
23  64 which became § 17204] "to prohibit private attorneys from filing
    lawsuits for unfair competition where they have no client who has
24  been injured in fact under the standing requirements of the United
    States Constitution.  An injury in fact requirement achieves these
25  goals.

26  *Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1138-39 (C.D. Cal. 2005); *see also Hall v.*

27  *Time Inc.*, 158 Cal. App. 4th 847, 853-54 (2008) (discussing purpose behind Proposition 64/§

28  17204).  In the instant case, it can hardly be said that Ms. Sullivan is unaffected by the foreclosure

1  proceedings that have been initiated.  The policy concerns underling § 17204 have no application

2  here.

3          In sum, the Court rejects the primary arguments made by JPMorgan and B of A but shall

4  dismiss the § 17200 claim against these companies without prejudice because the FAC as pled does

5  not make clear which conduct is attributable to which Defendant.  Ms. Sullivan shall be given leave

6  to amend.

7  D.      Quiet Title

8          Contrary to what JPMorgan and B of A argue, the FAC has been verified , *see* FAC, Ex. F,

9  and therefore the quiet title claim cannot be dismissed on that basis.  *See* Cal. Code Civ. Proc. §

10  761.020 (providing that "[t]he complaint shall be verified").  However, the quiet title claim against

11  JPMorgan should be dismissed since it does not have or claim any interest in the real property at

12  issue.  Section 761.020 requires that a complaint include (1) a "legal description [of the property]

13  and its street address or common designation, if any," (2) the title of the plaintiff and the basis of the

14  title, (3) "[t]he adverse claims to the title of the plaintiff," (4) "[t]he date as of which the

15  determination is sought," and (5) "[a] prayer for the determination of the title of the plaintiff against

16  the adverse claims."  Cal. Code Civ. Proc. § 761.020; *see also Newman v. Cornelius*, 3 Cal. App. 3d

17  279, 284 (1970) (noting that the purpose of a quiet title action is to determine "all conflicting claims

18  to the property in controversy, and to decree to each such interest or estate therein as he may be

19  entitled to").  Because B of A is the only current owner of the promissory note and beneficiary of the

20  deed of trust, the quiet title claim is properly asserted against it.

21          In short, with respect to the claim of quiet title, the Court grants JPMorgan's motion to

22  dismiss but denies B of A's motion.

23  E.      Declaratory Relief

24          Ms. Sullivan seeks a declaration that the deed of trust is null and void based on her rescission

25  pursuant to TILA.  In their motion to dismiss, JPMorgan and B of A contend that Ms. Sullivan has,

26  in essence, failed to plead a case or controversy.  For the reasons discussed above, the Court rejects

27  this argument.

28

United States District Court
For the Northern District of California

8

**United States District Court**
For the Northern District of California

1  F.      Injunctive Relief

2          JPMorgan and B of A challenge the claim for injunctive relief on the basis that Ms. Sullivan

3  cannot demonstrate that she will likely prevail on any of the causes of action asserted in the

4  complaint.  But whether or not Ms. Sullivan will likely prevail on the merits is beside the point.

5  More important is the fact that  there is no such thing as a claim for injunctive relief.  Injunctive

6  relief is relief only – not a substantive cause of action.  At present Ms. Sullivan has not made any

7  request for preliminary or permanent injunctive relief.  If and when she does so, the Court can take

8  on the issue of likelihood of success on the merits.  Because technically there is no such thing as a

9  claim for injunctive relief, the Court dismisses the claim.  This ruling, however, does not bar Ms.

10  Sullivan from seeking injunctive relief pursuant to other claims pled in the complaint as noted

11  above.

12  G.      Accounting

13          Finally, JPMorgan and B of A argue that Ms. Sullivan's accounting claim should be

14  dismissed because Ms. Sullivan has failed to allege a fiduciary relationship with them or that the

15  account is so complicated that an ordinary legal action demanding a fixed sum is impracticable.  *See*

16  5 Witkin Cal. Proc. Plead § 819 ("An action for an accounting is equitable in nature.  It may be

17  brought to compel the defendant to account to the plaintiff for money or property, (1) where a

18  fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship

19  exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is

20  impracticable.").  In her opposition, Ms. Sullivan contends that the account here is complicated –

21  "the finance charges to be reimbursed to Plaintiff are dependent upon complex amortization

22  schedules prepared (presumably) in accord with Regulation Z and other applicable statutory law."

23  Opp'n at 6.  Because it is plausible that the accounting may be complicated, the Court denies the

24  motion to dismiss this claim.

25  ///

26  ///

27  ///

28  ///

**United States District Court**
For the Northern District of California

### III.   CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part JPMorgan and B of A's motion to dismiss.  More specifically, with respect to these Defendants, the Court dismisses without prejudice the rescission claim and the § 17200 claim and dismisses the "injunctive relief claim." The Court conditionally dismisses with prejudice the quiet title claim against JPMorgan.[4]  In all other respects, the motion is denied.  Ms. Sullivan has until November 20, 2009, to file an amended complaint to address the deficiencies described above.

The Court reserves ruling on CRC's motion to dismiss.

This order disposes of Docket Nos. 7 and 17.

IT IS SO ORDERED.

Dated:  October 23, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[4] The dismissal with prejudice is conditioned upon JPMorgan's stipulation that it no longer has any interest in the property as discussed at the hearing.  Upon filing of such stipulation, the dismissal shall be effective.

10