1  THEODORE E. BACON (CA Bar No. 115395)
   tbacon@AlvaradoSmith.com
2  RICK D. NAVARRETTE (CA Bar No. 122653)
   rnavarrette@AlvaradoSmith.com
3  AMY L. MORSE (CA Bar No. 92135)
   amorse@AlvaradoSmith.com
4  PATRICIO A. MARQUEZ (CA Bar No. 230694)
   pmarquez@AlvaradoSmith.com
5  ALVARADOSMITH
   A Professional Corporation
6  633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
7  Tel: (213) 229-2400
   Fax: (213) 229-2499

8

9  Attorneys for Defendants
   JPMORGAN CHASE BANK, N.A.,
10 CALIFORNIA RECONVEYANCE
   COMPANY and BANK OF AMERICA,
11 NATIONAL ASSOCIATION, as successor by
   merger to LaSalle Bank NA as trustee for
12 WaMu Mortgage Pass-Through Certificates
   Series 2006-AR9 Trust

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATY SULLIVAN, also known as KATY MARIE SULLIVAN,<br><br>           Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA, JP MORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, CALIFORNIA RECONVEYANCE COMPANY; and DOES 1 through 50, inclusive,<br><br>           Defendants. | **CASE NO.: CV 09-2161 EMC**<br><br>**JUDGE:**     Hon. Edward M. Chen<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT** ; ORDER RESETTING CMC<br><br>**DATE:**     March 9, 2011<br>**TIME:**     2:30 p.m.<br>**CRTRM:**    C<br><br>**Action Filed:** April 22, 2009 |

///

///

///

///

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), California Reconveyance Company ("CRC") and Bank of America, National Association, as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust ("B of A") (together, "Defendants"), along with plaintiff Katy Sullivan ("Plaintiff")(collectively the "Parties"), hereby submit this Updated Joint Case Management Statement.

**1.  Jurisdiction and Service**

Plaintiff has named the following as defendants:  WASHINGTON MUTUAL BANK, FA, JPMORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, LASALLE BANK, National Association**,** CALIFORNIA RECONVEYANCE COMPANY; and Does 1 through 50, inclusive**.**

This court has jurisdiction, because Plaintiff, in the initial complaint, alleges violations of the Federal Truth in Lending Act ("TILA").  (*See* Second Amended Complaint.)

**2.  Status of the Case and Changes Since Previous Joint Statement:**

Plaintiff seeks statutory damages under TILA, as well as general damages.  Plaintiff also seeks rescission under TILA.  According to Plaintiff, Defendants failed to make certain disclosures required under the TILA at the time the subject loan was issued to Plaintiff, and thereafter.  Plaintiff also contends that Defendants falsely represented the nature of the subject loan.  Defendants deny these allegations and contend that they did not participate in the origination process which is the subject of Plaintiff's legal action.

**A.  Motions:**

Defendants may bring a motion for summary judgment pursuant to FRCP 56.

**B.  Discovery:**

The parties have exchanged limited written discovery, however such discovery is currently stayed in order to attempt sale of one unit of the property's two condominium and thereafter resolve the action.  Discovery, as a result, is not pending as to do so would be to expand attorney's fees hopefully unnecessarily.

///

**C.     Settlement and ADR:**

The parties have made efforts to mediate and settle the matter, and there is passive agreement that the best avenue for potential settlement is to market one of the two existing, approved condominium units at the property, both of which are approved, legal condominium units.  Upon a sale, the parties will embark on settlement negotiations in an attempt to resolve the remaining issues in this litigation based, in part, on a partial pay-down of the outstanding subject bank loan from the net sale proceeds of the unit.

Plaintiff reports in this Joint Statement that one unit of the property has been marketed for sale, since soon after the most recent Case Management Conference.  Plaintiff and one set of prospective buyers were in negotiation for a purchase; since those buyers were the existing occupants of that unit, they were believed to present the most promising potential buyer (they had expressed interest in the unit prior to the parties' existing settlement posture herein).  Unfortunately, that sale negotiation fell through within the past week as a result of an inability to arrive at agreed terms for the construction of a garage in the basement area of the building.  The large financial expenditure necessary to do so made the sale essentially unavailable.  Plaintiff is continuing with her marketing efforts, including an open house within the past week, together with a price reduction.  A showing of the house occurred on Sunday, February 28, and 11 parties came through the listed condominium.  Although no offers have yet resulted from that particular showing, simply the number of interested parties is seen to be a positive indication.

///
///
///
///
///
///
///
///
///

1  The parties have conferred regarding their desired processing of this litigation in view of the
2  above information.  It is believed by both that a continued period for marketing of the property is in
3  the likely best interest of both sides and so jointly request the court to continue this case
4  management conference for a further 90 days to see what developments may be attainable in the sale
5  of the condominium unit.  It is believed the economy is improving, albeit slowly, and that a further
6  90 days is a reasonable period of time to continue with sale efforts.

Respectfully submitted,

DATED: March 2, 2011

By: /s/ J. Brian McCauley
J. BRIAN MCCAULEY, ESQ..
Attorneys for Plaintiff,
KATY SULLIVAN

DATED:  March 2, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ Patricio A. Marquez
PATRICIO A. MARQUEZ
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.,
CALIFORNIA RECONVEYANCE COMPANY
and BANK OF AMERICA, NATIONAL
ASSOCIATION, as successor by merger to
LaSalle Bank NA as trustee for WaMu Mortgage
Pass-Through Certificates Series 2006-AR9 Trust

IT IS SO ORDERED that the status conference set for 3/9/11 at 2:30 p.m. is reset for 6/15/11 at 2:30 p.m.  An updated joint status report shall be filed by 6/8/11.

_____
Edward M. Chen
U.S. Magistrate Judge
Dated:  __3/2/11____

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen