Brian McCauley (CA Bar No. 66762)
jbmapc@pacbell.net
J. BRIAN McCAULEY, Prof. Corp.
425 California Street, Suite 1700
San Francisco, CA 94104
Tel: (415) 974-1515
Fax: (415) 543-0125

Attorneys for Plaintiff
Katy Sullivan, aka Katy Marie Sullivan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY SULLIVAN, also known as KATY MARIE SULLIVAN,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA, JP MORGAN CHASE BANK, National Association,<br>BANK OF AMERICA, National Association,<br>LASALLE BANK, National Association<br>CALIFORNIA RECONVEYANCE COMPANY; and Does 1 through 50, inclusive,<br><br>    Defendants. | **CASE NO.: CV 09-2161 EMC**<br><br>**CASE MANAGEMENT STATEMENT**<br><br>**Court Conference Call:**<br>August 24, 2012; 11:30 a.m.<br><br>Trial Date**:    None**<br><br><br>**Action Filed:** April 22, 2009<br>California Superior Court, San Francisco<br>Case No.: CGC 09-487634<br><br>ORDER DIRECTING PARTIES TO APPEAR IN PERSON |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Plaintiff Katy Sullivan ("Plaintiff") hereby submits this Case Management Statement in preparation for the Court's conference call on the status of a pending real estate sale, currently set for Friday, August 24, 2012.

**1.    Jurisdiction and Service**

Plaintiff has named the following as defendants: WASHINGTON MUTUAL BANK, FA, JPMORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association,

1

2026911.1

1  LASALLE BANK, National Association**,** CALIFORNIA RECONVEYANCE COMPANY; and
2  Does 1 through 50, inclusive**.**
3      This court has jurisdiction, because Plaintiff, in the initial complaint, alleges violations of the
4  Federal Truth in Lending Act ("TILA").  *See,* Complaint.
5  **2.    Status of the Case and Changes Since Previous Joint Statement:**
6      Plaintiff seeks statutory damages under TILA, as well as general damages.  Plaintiff also
7  seeks rescission under TILA.  According to Plaintiff, Defendants failed to make certain disclosures
8  required under the TILA at the time the subject loan was issued to Plaintiff.   Plaintiff also contends
9  that Defendants falsely represented the nature of the loan.  Defendants deny these allegations and
10 contend that they did not participate in the lending process which is the subject of Plaintiff's legal
11 action.
12     **B.    Disclosures:**
13         The parties have provided initial disclosures.
14     **D.    Discovery:**
15         The Parties have accomplished only very limited discovery, which is currently stayed
16 pending efforts to sell half of the real estate in question and settle remaining issues; both parties plan
17 to conduct substantial discovery in the event that the settlement efforts are not successful, including
18 depositions of witnesses for both sides.
19     **D.    Settlement and ADR:**
20         This action has attempted sale of one of the two condominium units which are the
21 subject of this Truth in Lending case, in order to reduce the existing loan and thereafter settle the
22 remaining issues by setting of reduced principal balance and/or modified terms thereon.  The Parties
23 mediated this initially during December, 2009, but were unsuccessful.  The mediating Defendants
24 requested further information from Plaintiff regarding financial and income matters (including 3 or 4
25 "short sale packages"); such were supplied.  Over the past fifteen months, some five (5) offers for
26 the property have been received, with several financial packages being provided by Plaintiff to
27 Defendants' counsel.  During that same period, at least five (5) appraisals of the unit sought to be
28 sold have been engaged, inspections performed and believed completed.  The market value of the

1  condominium unit for sale is believed to be at $500,000, although $515,000 or even $525,000 may
2  be attainable if a buyer had any confidence that a "short sale" approval would be forthcoming.
3  Defendants have not yet approved (or disapproved) a sale, notwithstanding the fact that all net
4  proceeds of the sale are to be paid to them; they have requested documents, appraisals, and estimated
5  settlement statements.  Plaintiff has not conditioned her sale on any terms for payment of the
6  remaining, contended balance after the sale of the first condominium, or otherwise obstructed the
7  sale and payment of proceeds to defendants.  For this latest offer, Defendants requested a "short sale
8  package", which request was made on Friday, June 22.  Plaintiff provided the completed package on
9  Monday, June 25.  Further appraisal efforts occurred during the week just prior to the most recent
10 CMC appearance in this Court.  Defendants were provided with an estimated escrow settlement
11 statement; Defendants requested that it instead be provided on a HUD-1 form, which was done.

12       The purchasers for this latest offer advised that if the approval was not obtained by the date
13 of the most recent CMC, that their offer would likely be withdrawn.  Unfortunately, that indeed
14 happened; Buyer has withdrawn their offer within the past few days.

15       Defendants' counsel has, during the morning of filing this Statement, advised that defendants
16 have two issues on which to confer and agree before an approval – whether to credit the sale
17 proceeds against loan principal (it is believed that defendants would likely consent to crediting
18 principal), and to confirm that an existing, junior "equity line" deed of trust ("HELOC") can be
19 simply shifted over to the remaining condominium.  Plaintiff, for her part, indeed prefers that the
20 proceeds of this sale be applied to principal and also believes that the HELOC (also made by one of
21 the defendants) be shifted onto just the remaining condominium after sale; she has kept that HELOC
22 current throughout this litigation.

23       Plaintiff is informed that if a "short sale" of $500,000, or even $515,000 or $525,000 is pre-
24 approved, the property will very likely receive an offer and close.  The simple hurdle to closing the
25 sale and achieving a partial paydown, with remaining security for resulting, remaining balance
26 (albeit probably inadequate to cover defendants' contended balance) is now that the property has
27 been on the market for over a year and there has at no time been adherence to any firm, reasonable
28 time to review and comment, much less approve.

2026911.1

This CMC Statement is submitted by Plaintiff's counsel after receiving the above-mentioned response from Defendants' counsel this morning, which detailed the two remaining issues for his clients. Defendants' counsel also advised that he is involved with several ongoing trial efforts and thus has been seriously pressured. Any statement made in this Statement is made without any implication that Defendants are in complete agreement with its contents, although it correctly relates the undersigned counsel's understanding of the state of this matter.

Plaintiff respectfully suggests that the settlement conference currently set for September 2012 be retained; the upcoming conference call is requested to consider Defendants' position on these issues and some means of getting a prompt response from Defendants unless the same isn't available at that time.

Respectfully submitted,

DATED: August 21, 2012

By: /s/ J. Brian McCauley
J. BRIAN MCCAULEY, ESQ..
Attorneys for Plaintiff,
KATY SULLIVAN

IT IS SO ORDERED that counsel are ordered to appear IN PERSON at the Further CMC on 8/24/12 at 11:30 a.m.

_____
Edward M. Chen
U.S. District Judge



4

2026911.1