J. Brian McCauley (SBN 66762)
A Professional Law Corporation
jbmapc@pacbell.net
425 California Street, Suite 1700
San Francisco, California  94104
Telephone:     (415)974-1515
Facsimile:      (415)543-0125

Attorneys for Plaintiff
KATY SULLIVAN

UNITED STATES DISTRICT COURT

NORTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY SULLIVAN, also known as KATY MARIE SULLIVAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL BANK, FA, JP MORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, CALIFORNIA RECONVEYANCE COMPANY; and DOES 1 through 50, inclusive Defendants. | Case No.  CIV 09 2161 EMC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT** ; ORDER RESETTING CMC<br><br>Date:    September 26, 2013<br>Time:   10:30 a.m.<br>Dept:   5 - 17th Floor<br>Judge:  Hon. Edward M. Chen<br><br>Action Filed:         4/22/09 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

　　　Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), California Reconveyance Company ("CRC") and Bank of America, National Association, as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust ("B of A") (together, "Defendants"), along with plaintiff Katy Sullivan ("Plaintiff")(collectively the "Parties"), hereby submit this Updated Joint Case Management Statement.

**1.    Jurisdiction and Service**

　　　Plaintiff has named the following as defendants: WASHINGTON MUTUAL BANK, FA, JPMORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, LASALLE BANK, National Association, CALIFORNIA RECONVEYANCE

1  COMPANY; and Does 1 through 50, inclusive.

2      This court has jurisdiction, because Plaintiff, in the initial complaint, alleges violations of
3  the Federal Truth in Lending Act ("TILA"). (See Second Amended Complaint.)

4  **2.      Status of the Case and Changes Since Previous Joint Statement:**

5      Plaintiff seeks statutory damages under TILA, as well as general damages. Plaintiff also
6  seeks rescission under TILA. According to Plaintiff, Defendants failed to make certain
7  disclosures required under the TILA at the time the subject loan was issued to Plaintiff, and
8  thereafter. Plaintiff also contends that Defendants falsely represented the nature of the subject
9  loan. Defendants deny these allegations and contend that they did not participate in the
10 origination process which is the subject of Plaintiff's legal action. Plaintiffs and Defendants
11 entered into a conditional settlement, part of which involved a loan modification, the terms of
12 which were established pending Plaintiff's submission of a loan modification application and
13 income verification. Due to Plaintiff's loss of her job, this CMC appearance was continued to the
14 present time to allow for the needed job search. She has been successful in finding employment,
15 and her disclosure materials have again been provided to Defendants. As stated below, both
16 parties believe that the settlement may now proceed, however, Defendants are in the process of
17 preparing documents to meet the somewhat adjusted circumstance.

18     **A.      Motions:**

19     Defendants may bring a motion for summary judgment pursuant to FRCP 56.

20     **B.      Discovery:**

21     The parties have exchanged limited written discovery, however such discovery is
22 currently stayed pending the settlement. Discovery, as a result, is not pending as to do so would
23 be to expend attorney's fees hopefully unnecessarily.

24     **C.      Settlement and ADR:**

25     The parties did reach a settlement, conditioned on a loan modification, which, as stated
26 above, has not yet been completed. During the parties' final review of Plaintiff's financials,
27 unfortunately, Plaintiff was terminated from her employment -- thus causing a substantial
28 adjustment to her income. A continuance to the date of this CMC appearance was ordered to

allow for a job search, which has been ongoing intensively.  Happily Plaintiff Katy Sullivan was able to obtain replacement employment and has submitted the requisite package of materials to Defendants for their consideration.  Defendants have advised that they believe the settlement may go forward and the settlement documents are currently being drafted to reflect the terms of the settlement as agreed some months ago.

     Both parties request a further, thirty (30) day extension to allow Defendants to finalize documentation for the already-negotiated settlement.  On completion and execution of the documentation, this action is to be dismissed.

                                         Respectfully submitted,

DATED:  September 19, 2013        ALVARADOSMITH
                                        A Professional Corporation

                                        By: /s/ *Theodore E. Bacon*
                                              THEODORE E. BACON
                                              Attorneys for Defendants
                                              JPMORGAN CHASE BANK, N.A.,
                                              CALIFORNIA RECONVEYANCE
                                              COMPANY and BANK OF AMERICA,
                                              NATIONAL ASSOCIATION, as successor
                                              by merger to LaSalle Bank NA as trustee for
                                              WaMu Mortgage Pass-Through Certificates
                                              Series 2006-AR9 Trust

DATED:  September 19, 2013

                                        By: /s/ *J. Brian McCauley*
                                              J. BRIAN MCCAULEY, ESQ..
                                              Attorneys for Plaintiff,
                                              KATY SULLIVAN

```
IT IS HEREBY ORDERED that the further CMC is rescheduled from 9/26/13
to 11/21/13 at 10:30 a.m. An updated joint CMC Statement shall be filed by
11/14/13.
```

_____
Edward M. Chen
U.S. District Judge

[STAMP: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen]