J. Brian McCauley (SBN 66762)
A Professional Law Corporation
jbmapc@pacbell.net
425 California Street, Suite 1700
San Francisco, California  94104
Telephone:      (415)974-1515
Facsimile:       (415)543-0125

Attorneys for Plaintiff
KATY SULLIVAN

UNITED STATES DISTRICT COURT

NORTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY SULLIVAN, also known as KATY MARIE SULLIVAN,<br><br>                        Plaintiff,<br><br>       v.<br><br>WASHINGTON MUTUAL BANK, FA, JP MORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, CALIFORNIA RECONVEYANCE COMPANY; and DOES 1 through 50, inclusive Defendants. | Case No.  CIV 09 2161 EMC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT** ; ORDER CONTINUING CMC<br><br>Date:    November 21, 2013<br>Time:   10:30 a.m.<br>Dept:   5 - 17th Floor<br>Judge:  Hon. Edward M. Chen<br><br>Action Filed:          4/22/09 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), California Reconveyance Company ("CRC") and Bank of America, National Association, as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust ("B of A") (together, "Defendants"), along with plaintiff Katy Sullivan ("Plaintiff")(collectively the "Parties"), hereby submit this Updated Joint Case Management Statement.

**1.      Jurisdiction and Service**

Plaintiff has named the following as defendants:  WASHINGTON MUTUAL BANK, FA, JPMORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, LASALLE BANK, National Association, CALIFORNIA RECONVEYANCE

1  COMPANY; and Does 1 through 50, inclusive.

2      This court has jurisdiction, because Plaintiff, in the initial complaint, alleges violations of

3  the Federal Truth in Lending Act ("TILA").  (See Second Amended Complaint.)

4  **2.**     **Status of the Case and Changes Since Previous Joint Statement:**

5      Plaintiff seeks statutory damages under TILA, as well as general damages.  Plaintiff also

6  seeks rescission under TILA.  According to Plaintiff, Defendants failed to make certain

7  disclosures required under the TILA at the time the subject loan was issued to Plaintiff, and

8  thereafter.  Plaintiff also contends that Defendants falsely represented the nature of the subject

9  loan.  Defendants deny these allegations and contend that they did not participate in the

10  origination process which is the subject of Plaintiff's legal action. Plaintiffs and Defendants

11  entered into a conditional settlement, part of which involved a loan modification, the terms of

12  which were established pending Plaintiff's submission of a loan modification application and

13  income verification. During this process, Plaintiff lost her job, but was successful in finding new

14  employment. Her disclosure materials were again been provided to Defendants and all parties

15  believe that the settlement may now proceed.  Defendants have provided a set of settlement

16  documents (which are to include the new refinancing or loan modification documents), and those

17  documents are being revised in response to certain limited comment/requests by Plaintiff.  Due to

18  the size of the concerned parties and the relative complexity of the documents, they are

19  unavoidably still in the drafting process.

20      **A.**     **Motions:**

21      Defendants may bring a motion for summary judgment pursuant to FRCP 56.

22      **B.**     **Discovery:**

23      The parties have exchanged limited written discovery, however such discovery is

24  currently stayed pending the settlement. Discovery, as a result, is not pending as to do so would

25  be to expend attorney's fees hopefully unnecessarily.

26      **C.**     **Settlement and ADR:**

27      The parties did reach a settlement, conditioned on a loan modification, which, as stated

28  above, is in the drafting process and review by the concerned departments of defendants after

review by Plaintiff.  All parties believe that the settlement is positioned to go forward; as would be expected, it is conditioned on the loan modification documents being readied and in recordable form.

    Both parties request a further, thirty (30) day extension to allow Defendants to finalize documentation for the already-negotiated settlement.  On completion and execution of the documentation, this action is to be dismissed.

                          Respectfully submitted,

DATED:  November 19, 2013        ALVARADOSMITH
                                      A Professional Corporation

                              By: /s/ *Theodore E. Bacon*
                                    THEODORE E. BACON
                                    Attorneys for Defendants
                                    JPMORGAN CHASE BANK, N.A.,
                                    CALIFORNIA RECONVEYANCE
                                    COMPANY and BANK OF AMERICA,
                                    NATIONAL ASSOCIATION, as successor
                                    by merger to LaSalle Bank NA as trustee for
                                    WaMu Mortgage Pass-Through Certificates
                                    Series 2006-AR9 Trust

DATED:  November 19, 2013

                              By: /s/ *J. Brian McCauley*
                                    J. BRIAN MCCAULEY, ESQ..
                                    Attorneys for Plaintiff,
                                    KATY SULLIVAN

```
IT IS SO ORDERED that the further CMC is reset from 11/21/13 to 1/23/14
at 10:30 a.m.  An updated joint CMC Statement shall be filed by 1/16/14.
```
_____
Edward M. Chen
U.S. District Judge

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen]