J. Brian McCauley (SBN 66762)
A Professional Law Corporation
jbmapc@pacbell.net
425 California Street, Suite 1700
San Francisco, California  94104
Telephone:	(415)974-1515
Facsimile:	(415)543-0125

Attorneys for Plaintiff
KATY SULLIVAN

UNITED STATES DISTRICT COURT

NORTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY SULLIVAN, also known as KATY MARIE SULLIVAN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON MUTUAL BANK, FA, JP MORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, CALIFORNIA RECONVEYANCE COMPANY; and DOES 1 through 50, inclusive Defendants. | Case No.  CIV 09 2161 EMC<br><br>**JOINT RESPONSE TO ORDER TO SHOW CAUSE AND EXTENSION REQUEST**<br><br>Date:	October 9, 2014<br>Time:	10:30 a.m.<br>Dept:	5 - 17th Floor<br>Judge:	Hon. Edward M. Chen<br><br>Action Filed:	4/22/09 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

　　　Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), California Reconveyance Company ("CRC") and Bank of America, National Association, as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust ("B of A") (together, "Defendants"), along with plaintiff Katy Sullivan ("Plaintiff") (collectively the "Parties"), hereby submit this Joint Response to Order to Show Cause and Extension Request.

**1.	Jurisdiction and Service**

　　　Plaintiff has named the following as defendants:  WASHINGTON MUTUAL BANK, FA, JPMORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, LASALLE BANK, National Association, CALIFORNIA RECONVEYANCE

UPDATED JOINT CASE MANAGEMENT STATEMENT

3962935.1 -- AL109.W383

1  COMPANY; and Does 1 through 50, inclusive.

2      This court has jurisdiction, because Plaintiff, in the initial complaint, alleges violations of

3  the Federal Truth in Lending Act ("TILA").  (See Second Amended Complaint.)

4  **2.**     **Status of the Case and Settlement Since Previous Joint Statement:**

5      Plaintiff seeks statutory damages under TILA, as well as general damages.  Plaintiff also

6  seeks rescission under TILA.  According to Plaintiff, Defendants failed to make certain

7  disclosures required under the TILA at the time the subject loan was issued to Plaintiff, and

8  thereafter.  Plaintiff also contends that Defendants falsely represented the nature of the subject

9  loan.  Defendants deny these allegations and contend that they did not participate in the

10  origination process which is the subject of Plaintiff's legal action.

11      Plaintiffs owns a 2 unit condominium. Plaintiff and Defendants have arrived at a

12  conditional settlement which contemplates the following:

13      1)     Plaintiff will deed one of the condo units to Defendant, which will then be sold

14  and the proceeds paid to Defendant,

15      2)     Plaintiff will retain the other unit, and Defendant has agreed to modify the existing

16  loan such that the security for that loan will consist solely of a line on the unit retained by

17  Plaintiff.

18      At the last hearing, the parties have relayed that they had agreed on principal terms of

19  required Amendments to the Condominium CC&Rs, substitutions of trustees on the first deed and

20  trust and HELOC held by Defendants, a form Deed of Partial Reconveyance and a Settlement

21  Agreement, and that there might be some final revisions to those documents.  The parties had also

22  investigated what will be required to insure title on the two units in light of this transaction, and

23  have obtained and exchanged documents that will be required by title companies. What was

24  expected to be the parties' final documentation was exchanged, and a last revision was seen to be

25  necessary, pertaining to the manner of a retention of jurisdiction and performance by all, so that a

26  dismissal can be entered which retained appropriate jurisdiction and power in the Court to move

27  the settlement forward if ambiguity or unforeseen difficulty might crop up for either side.

28      Revised documentation is being exchanged virtually contemporaneously with this

1  Extension Request; considering advice from the Court's staff, it is believed by the parties hereto
2  that an extension of the Order to Show Cause hearing of twenty-one (21) days is prudent and
3  requested, so as to keep the urgency to complete this documentation in place but to avoid
4  unnecessary imposition on the Court's calendar.
5    Accordingly, it is jointly requested that this Court set over its current Order to Show
6  Cause appearance for three weeks, for the reasons stated hereinabove.  In the event that such
7  extension is not acceptable for whatever reason, the parties respectfully submit this Joint
8  Response for the upcoming October 9 Order to Show Cause.
9            Respectfully submitted,

DATED:  October 2, 2014   ALVARADOSMITH
             A Professional Corporation

By: /s/ *Theodore E. Bacon*
  THEODORE E. BACON
  Attorneys for Defendants
  JPMORGAN CHASE BANK, N.A.,
  CALIFORNIA RECONVEYANCE
  COMPANY and BANK OF AMERICA,
  NATIONAL ASSOCIATION, as successor
  by merger to LaSalle Bank NA as trustee for
  WaMu Mortgage Pass-Through Certificates
  Series 2006-AR9 Trust

DATED:  October 2, 2014

By: /s/ *J. Brian McCauley*
  J. BRIAN MCCAULEY, ESQ..
  Attorneys for Plaintiff,
  KATY SULLIVAN

```
IT IS SO ORDERED that the OSC is reset for Tuesday 11/4/14
at 2:30 p.m.
_____
Edward M. Chen
U.S. District Judge
```

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED MODIFIED, Judge Edward M. Chen]