J. Brian McCauley (SBN 66762)
A Professional Law Corporation
jbmapc@pacbell.net
425 California Street, Suite 1700
San Francisco, California 94104
Telephone: (415)974-1515
Facsimile: (415)543-0125

Attorneys for Plaintiff
KATY SULLIVAN

UNITED STATES DISTRICT COURT

NORTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY SULLIVAN, also known as KATY MARIE SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA, JP MORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, CALIFORNIA RECONVEYANCE COMPANY; and DOES 1 through 50, inclusive Defendants. | Case No.  CIV 09 2161 EMC<br><br>**JOINT STATUS REPORT AND RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date:  December 11, 2014<br>Time:  1:30 p.m.<br>Dept:  5 - 17th Floor<br>Judge:  Hon. Edward M. Chen<br><br>Action Filed:        4/22/09 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), California Reconveyance Company ("CRC") and Bank of America, National Association, as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust ("B of A") (together, "Defendants"), along with plaintiff Katy Sullivan ("Plaintiff") (collectively the "Parties"), hereby submit this Joint Stipulation for Extension of Time and Response to Order to Show Cause.

**1.     Jurisdiction and Service**

Plaintiff has named the following as defendants:  WASHINGTON MUTUAL BANK, FA, JPMORGAN CHASE BANK, National Association, BANK OF AMERICA, National Association, LASALLE BANK, National Association, CALIFORNIA RECONVEYANCE

1  COMPANY; and Does 1 through 50, inclusive.

2      This court has jurisdiction, because Plaintiff, in the initial complaint, alleges violations of

3  the Federal Truth in Lending Act ("TILA").  (See Second Amended Complaint.)

4  **2.**    **Status of the Case and Settlement Since Previous Joint Statement:**

5      Plaintiff seeks statutory damages under TILA, as well as general damages.  Plaintiff also

6  seeks rescission under TILA.  Defendants deny the allegations of the Complaint and contend that

7  they did not participate in the origination process which is the subject of Plaintiff's legal action.

8      Plaintiff owns a 2 unit condominium which is encumbered by the loan which is the subject

9  of this litigation. Plaintiff and Defendants have arrived at a conditional settlement which

10  contemplates the following:

11      1)    Plaintiff will deed one of the condo units to Defendant, which will then be sold

12  and the proceeds paid to Defendant,

13      2)    Plaintiff will retain the other unit, and Defendant has agreed to modify the existing

14  loan such that the security for that loan will consist solely of a loan on the unit retained by

15  Plaintiff.

16      The parties have completed the negotiation and drafting of their Settlement Agreement; it

17  has been signed by Plaintiff Katy Sullivan and transmitted to Defendants.  The terms are agreed

18  as acceptable, but the signatures were necessary to revise and re-execute (the material terms are

19  unchanged).  The settlement agreement is advised to be in transit from defendants but hasn't yet

20  been received.  On receipt, this Court will be asked to order dismissal of the matter on a

21  conditional basis, with a retention of jurisdiction to enforce the settlement or reverse it in the

22  event of unforeseen hurdles to performance.  Such hurdles are <u>not</u> anticipated.   The dismissal

23  will be immediately requested under FRCP 41(a)(2) by an Order of this Court, since the dismissal

24  is specifically referenced in the settlement agreement, and in order to avoid the lengthy delay

25  associated with party signatures which would be needed under FRCP 41(a)(1).

26      The settlement agreement performance contemplates a process which requires this Court's

27  retention of jurisdiction to enforce – first, execution of a loan modification agreement, the terms

28  of which have been agreed upon and drafted.  Contemporaneous with execution of that loan

1  modification agreement, Plaintiff will deed one of the two condo units to Defendants – the form
2  of that deed has been agreed upon and has been executed by Plaintiff.  It is being held pending
3  receipt of the signed settlement agreement and filing of this Court's conditional dismissal order.
4  Also contemporaneous with the deed and loan/modification agreement is an amendment to the
5  property's CC&R's, which has been drafted, agreed upon, and executed by Plaintiff.  Similar to
6  the condo deed, the executed amendment is being held pending receipt of the executed settlement
7  agreement and this Court's order of conditional dismissal with retention of jurisdiction.  Once the
8  deed, partial reconveyance of the Defendants' existing loan and CC&R amendment have been
9  recorded, the Court's dismissal will become one "with prejudice" and retention of jurisdiction
10 will cease.

   A further extension of the Order to Show Cause appearance currently set for December 11, 2014 is hereby agreed and stipulated, and this Joint Stipulation is submitted to request an extension to a date in January, 2014.

   Accordingly, it is jointly stipulated and requested by and between the parties that this Court set over its current Order to Show Cause appearance to a date in January, 2014.

Respectfully submitted,

DATED:  December 9, 2014           ALVARADOSMITH
                                    A Professional Corporation


                                    By: /s/ *Theodore E. Bacon*
                                        THEODORE E. BACON
                                        Attorneys for Defendants
                                        JPMORGAN CHASE BANK, N.A.,
                                        CALIFORNIA RECONVEYANCE
                                        COMPANY and BANK OF AMERICA,
                                        NATIONAL ASSOCIATION, as successor
                                        by merger to LaSalle Bank NA as trustee for
                                        WaMu Mortgage Pass-Through Certificates
                                        Series 2006-AR9 Trust

DATED: December 9, 2014

By: /s/ *J. Brian McCauley*
J. BRIAN MCCAULEY, ESQ..
Attorneys for Plaintiff,
KATY SULLIVAN

IT IS SO ORDERED that the OSC is reset for 1/29/15 at 1:30 p.m. An updated joint CMC Statement shall be filed by 1/22/15.

_____
Edward M. Chen
U.S. District Judge



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

4

JOINT STATUS REPORT AND RESPONSE TO ORDER TO SHOW CAUSE

3962935.1 -- AL109.W383