June 16, 2016

Honorable Edward M. Chen, District Judge
U.S. District Court, Northern District of California
450 Golden Gate Avenue, Courtroom #5, 17th Floor
San Francisco, California 94102

Re:   Joint Letter, *Sullivan v. Washington Mutual, et al.,* Case No. 3:09-cv-02161-EMC

Dear Judge Chen:

On June 2, 2016, plaintiff Katy Sullivan ("plaintiff" or "Ms. Sullivan") and defendants JPMorgan Chase Bank, N.A. ("Chase"), California Reconveyance Company ("CRC"), and U.S. Bank National Association, as Trustee, etc. (U.S. Bank, and collectively, "Defendants" or "the Bank") (jointly, the "Parties") came before this Court for a case management conference to discuss outstanding issues between the parties. Your Honor directed the parties to meet and confer to resolve the issues and file a joint letter informing the outcome to the Court. Pursuant to the Court's order, the parties hereby submit the following joint letter.

**The Subject Property**

This case arises from a dispute between plaintiff and defendants over property located at 2628-2628A Sutter Street, San Francisco, California ("Property"). Pursuant to a settlement agreement dated February 5, 2015, plaintiff transferred title and interest to Unit 2628A ("lower unit") to defendants. Plaintiff retained ownership of all other portions of the subject property including Unit 2628 ("upper unit"), the basement, and parking area. The parties have met and conferred on several post-settlement issues concerning structural repairs to the exterior porch area attached to the lower unit, the increased charges to plaintiff's modified loan, the increased charges to plaintiff's water bill, the theft and vandalism to plaintiff's property, and plaintiff's proposal to purchase the lower unit from defendants.

**PLAINTIFF'S STATEMENT:**

**A.   Structural Repairs Issues are Almost Resolved**

The parties met and conferred regarding the issue of whether Ms. Sullivan is responsible for certain structural repairs on the Property. John Sorich, counsel for Defendants, conveyed that defendants are only aware of structural repairs to the lower unit's rear porch area. Mr. Sorich indicated that defendants are solely responsible for these structural repairs and would not be asking Ms. Sullivan to share in the costs of such repairs. Ms. Sullivan wants to memorialize this agreement in an addendum to the settlement agreement to avoid any future misunderstanding.

### B. Increased Charges to Current Loan are Possibly Resolved

The parties met and conferred on the issue of increased charges to Ms. Sullivan's current modified loan. Mr. Sorich has investigated this issue and determined that the increased charges were a result of improper property taxes (defendants' property taxes for the lower unit) charged to Ms. Sullivan's escrow account. Mr. Sorich indicated that defendants have reimbursed Ms. Sullivan for the "amount of overpayment" (neither Counsel nor Ms. Sullivan know the exact amount at this time). Mr. Sorich indicated that an amount of $3,471.31 have been refunded to Ms. Sullivan's account. Mr. Sorich indicated that all future loan statements will reflect the previously agreed upon monthly mortgage payment amount ($3,094.51 per month). Ms. Sullivan has not received any refunds as of the filing of this letter. Ms. Sullivan's most recent loan statement, received on the week of June 6, 2016, continues to reflect a monthly payment of $4,155.19, due July 1, 2016. This has to be corrected. The parties will continue to meet and confer to ensure that the full reimbursement is made and that the revised loan statements are accurately stated by defendants.

### C. Increased Charges to Water Bill – No Commitment Yet

The parties met and conferred regarding the issue of Ms. Sullivan's monthly water bill doubling since defendants began entering the Property in late March 2016. There is only one water bill account for the entire property as the condominium conversion did not require the separation of the water bill account. Mr. Sorich indicated that he received no information from defendants' vendor to suggest that they left the water running in the lower unit. Mr. Sorich stated that the lower unit has not been occupied and there has been no water usage. Mr. Sorich has requested that Ms. Sullivan produce the water bills to determine the amount of the water bill increase. Ms. Sullivan believes the water bill has increased by approximately $100 for the months of April, May, and June 2016. Ms. Sullivan previously produced notices from the Public Utilities Commission reflecting continuous water use on the Property. Ms. Sullivan will also produce the most recent water bills to defendants. Mr. Sorich and defendants have not indicated that they would reimburse Ms. Sullivan for the amount of the increased water bill charges. Ms. Sullivan renews her request that defendants provide the contact information of its vendor who handles maintenance for the lower unit, so that this issue may be resolved directly with the vendor.

### D. Theft and Vandalism – No Commitment Yet

The parties met and conferred regarding the issue of theft and vandalism to the Property. Ms. Sullivan believes that defendants are liable for the acts of its agents, contractors, subcontractors, and their insured. Defendants disagree, but ask that Ms. Sullivan provide information regarding the value of the patio furniture taken. Ms. Sullivan believes that the cost of replacing the patio furniture (1 table, 1 bench, and 4 chairs) is approximately $2,000. Ms. Sullivan renews her request that defendants provide the name and contact information of all contractors, vendors, and agents entering the Property to alleviate her safety concerns.

### E. Proposal to Purchase Lower Unit

The parties met and conferred regarding Ms. Sullivan's proposal to purchase the lower unit from defendants. Ms. Sullivan will present an offer for purchase this week.

### F. Whether Referral to ADR for Mediation is Required

Ms. Sullivan believes that the parties will be best served by a return to mediation in order to wrap up all issues herein outlined in one addendum to the settlement agreement. Ms. Sullivan believes that a half day mediation will complete this process.

## DEFENDANT'S STATEMENT:

On Tuesday, June 14, 2016, John Sorich, counsel for JPMorgan Chase Bank, N.A. ("Chase"), spoke with attorney Kevin Liu, counsel for Ms. Sullivan, regarding the issues identified herein. Chase's position on the issues is as stated below.

### A. Structural Repairs

Mr. Sorich disputes the representations attributed to him in Ms. Sullivan's discussion of this issue. Mr. Sorich did not state that he or his client are "only aware of structural repairs to the lower unit's rear porch area," because Mr. Sorich is not aware of whether structural repairs are required or not to the lower unit's rear porch area or any other portion of the property. Chase maintains its previously stated position -- per the terms of the recorded CCRs, the owner of each unit is responsible for the repairs to its/her individual unit and the Association is responsible for repairs to common areas.

### B. Increased Charges to Current Loan

Upon learning of this issue, Chase investigated and discovered that it had inadvertently billed Ms. Sullivan for taxes for both units. This billing error has been corrected and the amount of $3,471.31 has been refunded to Ms. Sullivan's escrow account. Mr. Sorich likewise disputes the statements attributed to him in Ms. Sullivan's discussion of this issue. Mr. Sorich did not state that a check was mailed by Chase to Ms. Sullivan, nor would he have, because he only confirmed to Ms. Sullivan's counsel today that the monies had been refunded.

### C. Increased Charges to Water Bill

Upon learning of this issue, Chase looked into it but has not found any information to confirm that anyone working in its unit left the water running. Chase has received documentation from Ms. Sullivan showing recent water changes, but that documentation does not reflect that any excessive charges were caused by someone leaving the water running unattended in Chase's unit. Nonetheless, in an effort to resolve the matter, Mr. Sorich has asked Ms. Sullivan's counsel for the amount of the water bill in excess of the "normal" monthly charges.

### D. Theft and Vandalism

Upon learning of this issue, Chase looked into it but was not able to find any information to suggest that individuals working in Chase's unit misappropriated Ms. Sullivan's personal property. Ms. Sullivan's counsel advised Mr. Sorich that they have evidence that individuals working in Chase's unit took Ms. Sullivan's patio furniture. Mr. Sorich has asked for whatever documentation Ms. Sullivan's counsel has to support her contention. Mr. Sorich also asked for documentation showing the value of the patio furniture that was purportedly taken. To date, that information has not yet been provided.

### E. Proposal to Purchase Lower Unit

Based on prior communications with Ms. Sullivan's counsel, Mr. Sorich understands that Ms. Sullivan's brother intends on submitting an offer to Chase to purchase Chase's unit. To date, Mr. Sorich has not received any such offer. Mr. Sorich believes that Chase may be actively trying to market and sell its unit, so if Ms. Sullivan's brother intends on submitting an offer, he should do so sooner rather than later.

### F. Whether Referral to ADR for Mediation is Required

Chase does not believe that a referral to ADR for mediation is necessary because there are no outstanding issues remaining from the settlement of the underlying lawsuit which was dismissed months ago. With the possible exception of the tax issue discussed above, which has now been addressed, none of these other issues implicate the terms of the settlement agreement. It is plain that Ms. Sullivan is attempting to modify the settlement agreement rather than enforce it. Chase will not agree to any modification of the settlement agreement  Therefore, there is no basis or reason to refer the matter to ADR.

Respectfully submitted,
/s/ Therese Y. Cannata
THERESE Y. CANNATA
Attorneys for Plaintiff
KATY SULLIVAN
Also known as Katy Marie Sullivan

Respectfully submitted,
/s/ __John M. Sorich_____
John M. Sorich
Attorneys for Defendants
WASHINGTON MUTUAL, et. al.

IT IS SO ORDERED.  ADR referral remains in place.

_____
Edward M. Chen
U.S. District Judge
Dated: June 21, 2016



{00621737.DOCX }